FILED
COURT OF APPEALS
DIVISION II

2013 JUL 16 AM 8: 45

STATE OF WASHINGTON

BY_____
     DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43618-3-II |
| Respondent, | |
| v. | |
| JAMES PATRICK PAYNE, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, P.J. — James Patrick Payne appeals his jury conviction for attempted residential burglary. He argues that the State did not present sufficient evidence to support the elements of this crime.[1] We affirm.

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "'A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.'" *Salinas*, 119 Wn.2d at 201.(quoting *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980)). In order to find Payne guilty of attempted residential burglary, the jury had to find beyond a reasonable doubt that, with intent to commit a crime against a person or property once inside, he did "an act which is a substantial step" toward

---

[1] A commissioner of this court initially considered Payne's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

entering or remaining unlawfully in a dwelling other than a vehicle. RCW 9A.28.020(1); RCW 9A.52.025(1).

Taken in the light most favorable to the State, the evidence at trial established the following facts: At about 7:00 PM on June 29, 2011, Barbara Woodfolk saw a man, whom she did not recognize, walk into her neighbor's backyard. Less than five minutes later, she heard her neighbor's alarm go off; she started dialing 911 and had a verbal exchange with the man, who was walking briskly away. The man said, "[S]omebody tried to break in that house"; Woodfolk replied, "[Y]eah, you." Verbatim Report of Proceedings (VRP) (Mar. 6, 2012) at 56. The man walked down the street, and she lost sight of him. Woodfolk gave the 911 operator a description of the man and the direction in which he was headed.

Responding several minutes later, at about 7:00 PM, Officers Caber and Frisbie saw a man matching the description riding a bicycle a few blocks away from Woodfolk's neighborhood and pull into the driveway of a residence. By the time they reached the residence, the man had abandoned the bicycle. When the officers did not find him at the residence, they searched adjoining Blueberry Park. About 15 minutes later, they found the man, lying on the ground between rows of blueberry bushes, appearing to be asleep. He told the officers he was sleeping in the park because he had had too much to drink. The officers thought he was only moderately intoxicated.

Officers Williams and Betts responded to Woodfolk's neighbor's house. In the back yard, they saw a screen lying on the ground below a window, from which it appeared to have been pried. Woodfolk later identified Payne as the man she had seen in her neighbor's backyard on June 29.

Woodfolk's neighbor, Maurice Taylor, testified that when he had left for work on June 29, 2012, (1) the pried-off screen had been in place on the window, (2) his house had an alarm system, which he had turned on June 29, (3) an audible alarm responded to any movement of a door or window, and (4) he had never seen Payne before and had not given him permission to try to enter his house or to remove his window screens. From this evidence, a rational trier of fact could find beyond a reasonable doubt that by prying off the window screen, Payne took a substantial step toward preparing to enter Taylor's house unlawfully with the intent to commit a crime inside.

Payne argues, however, that the jury could reach this conclusion only by engaging in an improper "pyramiding of inferences"—that Payne had pried off the screen, that he did so in an attempt to enter Taylor's house, and that he had the intent to commit a crime once in Taylor's house. Br. of Appellant at 7. He also notes that crime scene technicians found no evidence of Payne's fingerprints on the screen or the window. The lack of fingerprint evidence is inconsequential given the State's presentation of evidence that (1) Payne entered Taylor's backyard; (2) within five minutes the alarm sounded; and (3) the screen, which had been on the window when Taylor left for work, had been pried off. In addition, Payne made the unsolicited comment to Woodfolk, as he was walking away, that somebody tried to break into the house.

This is sufficient evidence for the jury to infer that Payne had pried off the screen and attempted to open the window. This evidence, plus Payne's implausible explanation for lying between rows of blueberry bushes in the early evening after having been pursued by police, permitted the jury to infer that Payne had attempted to enter Taylor's house unlawfully with the intent to commit a crime once inside. *State v. Brunson*, 128 Wn.2d 98, 109, 905 P.2d 346

No. 43618-3-II

(1995); *State v. Bergeron*, 105 Wn.2d 1, 11, 711 P.2d 1000 (1985). We hold, therefore, that the State presented sufficient evidence to support Payne's conviction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, P.J.

We concur:

Penoyar, J.

Bjorgen, J.